**UNITED STATES of America,
Petitioner,**

v.

**Honorable June L. GREEN, United States
District Court Judge, Respondent.**

**No. 22787.**

United States Court of Appeals
District of Columbia Circuit.

Argued May 14, 1969.

Decided June 27, 1969.

Mr. Charles R. Work, Asst. U. S. Atty., with whom Messrs. David G. Bress, U. S.

Atty. at the time the petition was filed, and Frank Q. Nebeker, Asst. U. S. Atty. at the time the petition was filed, were on the petition, for the United States.

Mr. Allan M. Palmer, Washington, D. C., argued in opposition to the petition.

Before BURGER, WRIGHT and LEVENTHAL, Circuit Judges.

## PER CURIAM:

This case is before us on the Government's application for a writ of mandamus or prohibition preventing respondent from dismissing the indictment in a criminal case pending before her. Respondent has indicated that dismissal would be required under Roviaro v. United States,[1] unless a Government informant was produced for questioning by the judge *in camera* as to the relevance of his information to the defense. When the application for mandamus was first filed, this court sought more time to examine the question of its jurisdiction and thus directed respondent to allow the trial to take its normal course, including submission to the jury. This order, however, was "without prejudice to such action following verdict or judgment as may be deemed appropriate in the circumstances at that time * * *." The case was submitted to the jury and a guilty verdict was returned. The defense again moved for dismissal of the indictment, and when respondent indicated a disposition to grant the motion, the Government again sought a writ of mandamus. That application is still properly before us for decision despite intervening events, to which we turn now.

■ When the defense moved for dismissal of the indictment, respondent orally granted the motion, but when the Government objected that it had not been given an opportunity to argue the ques-

tion, the ruling was immediately withdrawn. We hold that under these circumstances the oral ruling has no legal significance and is not a judgment of acquittal barring further prosecution. The oral ruling of a trial judge is not immutable, and is of course subject to further reflection, reconsideration and change.

■ After hearing argument on the motion to dismiss the indictment, the trial judge *sua sponte* ordered that a new trial be held on the condition that the informant be produced. The Criminal Rules, however, were recently amended to provide that a new trial may be granted only "on motion of a defendant."[2] The Advisory Committee Note states that the purpose of the amendment is to "make it clear that a judge has no power to order a new trial on his own motion, that he can act only in response to a motion timely made by a defendant." Since no such motion was made by the defendant, the trial judge had no power to order a new trial, and the action taken is a nullity.[3]

■ As to the merits of the application for mandamus, we hold that the case does not warrant the issuance of the writ, for it falls within the general rule announced in Will v. United States.[4] There does not exist any extraordinary situation which can justify the invocation of an exception rather than the general rule. Our ruling leaves the case in the posture of a jury verdict having been returned with post-verdict motions still pending. The District Judge may go forward with the disposition of these matters as appears proper under the circumstances.

Petition denied.

Circuit Judge BURGER did not participate in the foregoing opinion.

1. 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957).

2. Rule 33, Fed.R.Crim.P.

3. Accordingly, we are not required to consider whether in any event the order of the trial judge was either intended or effective

to divest this court of jurisdiction to consider the application for mandamus, or to consider whether it had jurisdiction.

4. 389 U.S. 90, 88 S.Ct. 269, 19 L.Ed.2d 305 (1967).