**Bernard A. WISE, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 6219.**

District of Columbia Court of Appeals.

Argued June 21, 1972.

Decided July 18, 1972.

Marsha E. Swiss, Washington, D. C., appointed by this court, for appellant.

David M. Bullock, Asst. U. S. Atty., for appellee. Harold H. Titus, Jr., U. S. Atty., and John A. Terry, Asst. U. S. Atty., also entered appearances for appellee.

Before FICKLING, REILLY and YEAGLEY, Associate Judges.

PER CURIAM:·

This case raises a serious question concerning the administration of criminal justice in the Superior Court. The trial judge failed to enter judgment in compliance with Rule 32(d) of the Criminal Division of the trial court which provides:

(d) *Judgment.* A judgment of conviction shall set forth the plea, the verdict or finding, and the adjudication and sentence. If the defendant is found not guilty or for any other reason is entitled to be discharged, judgment shall be entered accordingly. *The judgment, indicating the sentence and commitment, shall be signed by the judge,* certified by the clerk, and then transmitted to the authority taking custody of the defendant. [Emphasis added.]

On September 27, 1971, appellant was charged under a four-count indictment alleging unauthorized use of a motor vehicle, receipt of stolen property (automobile), receipt of stolen property (automobile license tags), and destruction of property. At the conclusion of a jury trial, verdicts of guilty as to the counts of unauthorized use of a motor vehicle and receipt of stolen property (automobile license tags) were returned. A verdict of *not guilty* was returned as to the count of receipt of stolen property (automobile). The only record of these verdicts is an unsigned handwritten entry made at the top corner of the inside cover of the docket jacket. The destruction of property count was apparently dismissed. However, the only record of any such dismissal is a handwritten entry on the front cover of the docket jacket which, in its entirety, reads "C&D Dismissed." The front cover of the docket jacket also contains an unsigned handwritten entry as to the sentence imposed, which is less legible than the other entries mentioned above.[1] The name of the trial judge is printed in a column enti-

tled "JUDGE" next to these entries. The only other papers in the record relating to the judgment and sentence are two "commitment forms," which recite the sentence and commit appellant to the custody of the Attorney General. Neither form is signed by the trial judge although his name is printed on the line reserved for his signature.

Counsel appointed to represent defendant on appeal (who was not trial counsel), upon reading the jacket cover, concluded that it reflected a judgment of conviction on both counts relating to receipt of stolen property and, therefore, believed that appellant had been found guilty of receiving the stolen automobile as well as the stolen license tags. It is not surprising that she failed to note the clerical entry on the inside of the trial court docket jacket noting, in abbreviated form, the verdict of not guilty on the second count of the indictment relating to the receipt of stolen property (automobile).

Consequently, in her brief counsel raised issues pertaining to the charge on which appellant had been found not guilty. After discovery of this error, a motion was filed to remand the record for the purpose of entering a judgment in conformity with the procedural rules of the Superior Court.

Despite the fact the Rule 32(d) is unambiguous and mandatory in all criminal cases, the United States Attorney, who joins in appellant's motion to remand, states:

Although we have no statistics to cite, it is our impression that the practice of which appellant complains is fairly widespread. . . . [T]he rule seems to be honored as much in the breach as in the observance.

Our own observation of records on appeal amply confirms this assertion. But we would add that routine jacket entries comprising official court records are often

---

1. During argument appellant's counsel compared the task of deciphering these entries to that of deciphering the Rosetta Stone. We have rarely encountered a more apt analogy. This court too frequently has had the same difficulty.

extremely difficult to decipher, if not illegible.

Under the District of Columbia Court Reform and Criminal Procedure Act of 1970,[2] matters relating to the administration of criminal justice and law enforcement in the District of Columbia have been entrusted to this court. D.C.Code 1967, § 11–102 (Supp. V, 1972); United States v. Yates, D.C.App., 279 A.2d 516, 518 (1971). Moreover, D.C.Code 1967, § 17–302, empowers this court to "regulate, generally, all matters relating to appeals, whether in [this court] or in the court below."

■ We believe that the problems presented by a trial judge's failure to comply with Rule 32(d) are serious enough to require that we order full compliance with the rule under our supervisory powers over the Superior Court. Aside from the embarrassment and waste of time caused counsel in preparing an unnecessary brief, the task of precisely accounting for each charge against an individual and the disposition is not a mere clerical formality but is crucial to the official recordkeeping in the criminal process upon which an individual's rights and liberty may depend. For example, if, as in the instant case, there is no judgment of acquittal entered, the appellant is subject to double jeopardy in the form of a new federal charge based on the same facts. There are also problems relating to increased or mandatory sentences for second offenders, and failing to specify whether sentences are to run concurrently or consecutively. Rule 32(d) is intended to forestall these and other problems by requiring the judge to assume responsibility for the accurate recording of "the plea, the verdict or finding, and the adjudication and sentence" in a judgment with *his* signature on it.

■ Therefore, we direct all judges of the Superior Court forthwith to comply strictly with the provisions of Rule 32(d)

in all criminal cases. We hold that notations made on a docket jacket are not in compliance with Rule 32(d). We leave the precise form of the necessary papers to the trial court. However, we offer the following suggestions. The Federal Rules of Criminal Procedure contain a suggested form for "Judgment and Commitment,"[3] which is used in a slightly modified version by the United States District Court for the District of Columbia. Moreover, typewritten entries on the jacket are preferable to longhand notes; and abbreviations, if used, should be standardized for all judges and a key to those abbreviations should be included in the record.

Remanded with instructions to enter judgment in accordance with Rule 32(d).

---

2.  84 Stat. 473.

3.  Rule 32(d) of the Superior Court criminal rules is identical to Rule 32(b) of the Federal Rules of Criminal Procedure.