UNITED STATES, Appellant,

v.

Thomas L. CUMMINGS, Appellee.

UNITED STATES, Appellant.

v.

Christian F. TESTAMARK, Appellee.

UNITED STATES, Appellant,

v.

Edward I. COOKE, Appellee.

UNITED STATES, Appellant,

v.

Michael J. NORRIS, Appellee.

UNITED STATES, Appellant,

v.

Herbert M. SETTLES, Appellee.

Nos. 6422, 6437, 6438, 6443 and 6444.

District of Columbia Court of Appeals.

Argued Oct. 18, 1972.

Decided March 6, 1973.

C. Madison Brewer, Asst. U. S. Atty., with whom Harold H. Titus, Jr., U. S. Atty., John A. Terry, Timothy J. Reardon, III, and Joseph B. Valder, Asst. U. S. Attys., were on the brief, for appellant.

Arthur W. Campbell was on the brief for appellee Cummings.

R. Kenneth Mundy, Washington, D. C., for appellee Testamark.

No appearance was entered or brief filed on behalf of appellee Cooke.

William T. Shannon, Washington, D. C., for appellee Norris.

Charles Jarvis Murray, Washington, D. C., for appellee Settles.

E. Barrett Prettyman, Jr., Washington, D. C., filed a brief on behalf of the District of Columbia Bar as amicus curiae.

Before KERN, NEBEKER and YEAGLEY, Associate Judges.

PER CURIAM:

These five consolidated appeals by the government are from orders dismissing various informations charging appellees with misdemeanors. In four of the cases the dismissals were without prejudice. In the remaining case (No. 6443 (*Norris*)) the dismissal was specifically stated to be with prejudice for lack of speedy trial even though the trial court was aware that the case had been called for the first time that day. We reverse the orders of dismissal.

### No. 6443 (Norris)

This court has recently held, consistent with precedent, that a dismissal with prejudice under Super.Ct.Cr.R. 48(b) must be for valid reasons reflecting a denial of speedy trial. In so doing, the trial court judge must make an informed and carefully balanced judgment based on factors relevant to that constitutional right. United States v. Mack, D.C.App., 298 A.2d

509 (1972). Here no such judgment is evident. The dismissal was for combined reasons respecting the de minimis nature of the items taken from a local supermarket, the fact that Norris was arrested on a warrant, had been in jail for about two weeks for want of bail and therefore had "already served his time", and because the special police officer was sick and could not appear. Obviously with this kind of reasoning and on these facts, the order of dismissal cannot stand. See United States v. Mack, *supra*.

### The Remaining Cases

As observed, these orders of dismissal were without prejudice which means the charges can be reinstated by the filing of new informations. Appellee Cummings has moved for dismissal of the appeal as not being from an order "terminating a prosecution" within D.C.Code 1967, § 23–104 (Supp. V, 1972). If Cummings is correct, all of the remaining appeals must be dismissed. We conclude that the motion to dismiss the appeal is not well taken.

█ This court has recently held that dismissal of an indictment without prejudice is an appealable order, *i. e.*, a termination of prosecution under § 23–104. We observed:

> [I]t is obvious that an order dismissing an indictment or an information terminates a prosecution in the sense that such an order completely severs the ties of the criminal justice system with the accused. He immediately becomes entitled to discharge from bail or custody. Although that severance may be only temporary (as here where the dismissal was without prejudice and the charges may be brought again), the requisite attributes of finality are present and the order is appealable under D.C.Code 1967, § 11–721 (Supp. V, 1972). [United States v. Hector, D.C.App., 298 A.2d 504 (1972) (298 at 1; footnotes omitted).]

█ Not only are the orders of dismissal appealable by virtue of the plain language of § 11–721, but the effect of those orders is such as to give rise to a viable controversy in this court notwithstanding the power of the prosecution to refile the charges. D.C.Code 1967, § 11–705 (Supp. V, 1972) provides for the hearing of "[c]ases and controversies" by this court. To be a justiciable controversy the dispute must not be hypothetical, abstract, or academic. "The controversy must be definite and concrete, touching the legal relations of parties having adverse legal interests. . . ." Aetna Life Insurance Co. v. Haworth, 300 U.S. 227, 240–241, 57 S.Ct. 461, 464, 81 L.Ed. 617 (1937). *See also* Goosby v. Osser, —— U.S. ——, 93 S.Ct. 854, 35 L.Ed.2d 36 (decided January 17, 1973); Pugh v. District of Columbia Department of Human Resources, D.C.App., 293 A.2d 490 (1972).

In these four cases two of the defendants were on personal bond, which was terminated upon dismissal. The other two defendants were apparently committed because of other pending charges. Of course those defendants would have been entitled to release after these dismissals if no other basis existed for detention. Also of significance, Super.Ct.Cr.R. 4–I requires use of a summons procedure, in lieu of arrest, if the prosecution elects to refile the charges. The charges could not be refiled immediately because that rule requires notice to the accused and also to the "former counsel of the date and place formal charges will be re-instituted." Thus, the effect of the dismissal orders not only severs current ties with the criminal justice system, but places strictures, both mechanical and as to time, on re-institution of the charges. The orders of dismissal without prejudice definitely affect the legal relationship between the accused and the government.

█ We therefore turn to the merits of each case to determine whether there has been a valid exercise of discretion. The

law proscribes a dismissal for want of prosecution which is arbitrary, fanciful, or clearly unreasonable. United States v. Mack, *supra*.

*No. 6437 (Testamark):* When this simple assault case was called the prosecutor explained to the calendar control judge that there had been six defense continuances and that the complaining witness, though pregnant, had been present each time. This time she was in the last two months of pregnancy and was ill. The judge acknowledged that defense counsel "is a master of delay." He then took note of the fact that Testamark had just been convicted of kidnapping and rape in the United States District Court here. He further commented: .

> You want to keep fooling around with something here; don't you think that's about enough? Do you really need this kind of icing on the cake for simple assault, bring these witnesses in here.
>
> I tell you what, how would you like to have this dismissed without prejudice?
>
> Dismissed without prejudice. . . .

This was an irrelevant consideration. It should be remembered that victims of crime also have rights. If those rights are ignored our criminal justice system can also fail. Even though the accused may have been convicted in an unrelated case, the system permits this victim, subject to discretion of the prosecutor rather than the judiciary, to testify as to the events so that the issue of guilt may be resolved.

▮ Whether an offense should be prosecuted is not for the court to decide. We have said this often enough that it should be unnecessary to do so again. United States v. Mack, *supra*; United States v. Oliver, D.C.App., 297 A.2d 778 (1972); Brandon v. United States, D.C. App., 239 A.2d 159 (1968). *See also* Newman v. United States, 127 U.S.App.D.C. 263, 264, 382 F.2d 479, 480 (1967). The impermissible consideration of whether this offense should have been prosecuted played an important role in the decision to dismiss. Moreover, the judge himself recognized that defense counsel finally wore down the prosecution witness through six previous continuances until her advanced pregnancy produced temporary illness. We hold the order of dismissal to be arbitrary and unreasonable. It is reversed and the information will be reinstated.

▮ *No. 6438 (Cooke):* This attempted petit larceny case was dismissed for want of prosecution after the judge was advised that the shop owner could not appear due to the illness of an employee and the necessity for him to remain at the shop. There was a refusal to reconsider or even seriously listen to the protestations of the prosecutor when advised that there had been five previous defense continuances. We hold this order of dismissal to be arbitrary in the sense that there was no real exercise of discretion in the first instance. The decision, similar to the one in *Testamark, supra,* gives the appearance of rewarding and encouraging defense delay. It will be reversed and the information reinstated.

▮ *No. 6422 (Cummings):* In this drug possession case the court engaged in a lengthy colloquy with the defendant, whom it characterized as an old friend, in an apparent but unsuccessful effort to obtain a guilty plea to one charge and to persuade the government to drop the other charge. The court also expressed an overriding interest in the merits of a purported defense. Ultimately, the court dismissed the first charge upon hearing that the government's witness was sick. We note that again the prosecutor was not permitted to explain fully the circumstances of the need for a continuance. The order of dismissal is reversed as based on improper factors and also because of a failure to hear the prosecutor on his request.

*No. 6444 (Settles):* This attempted burglary II case was precipitately dismissed

after it was learned that Settles had not been brought from confinement in a mental hospital where he was being held as a result of a 1963 acquittal by reason of insanity. It also appears that he had been recently charged with rape. Defense counsel stated: "I'm sure, if you continue this until Tuesday, they will have him up." The judge responded: "That's not the point. They still don't know anything about the case.[1] He's picked up on a more serious case? . . . This is dismissed for want of prosecution, without prejudice."

■ Again, an improper factor was the major basis for dismissal. The existence of a more serious charge is not a proper predicate for a dismissal by the court. Moreover, there was no "want of prosecution" since with the accused absent the trial could not have begun. Campbell v. United States, D.C.App., 295 A.2d 498 (1972). The case should have been continued as the defense requested.

■ From what has been said above and in our recent decision in United States v. Mack, *supra,* it can be seen that while authority exists under Super.Ct.Cr.R. 48(b) to dismiss for want of prosecution, such should be used sparingly and for purposes consistent with the role of the judicial branch. A dismissal without prejudice, born of frustration over the difficulty in administration of the calendar control court, is counterproductive to the purposes of that court and Rule 48(b).

Since the date we permitted the D.C. Bar to file a brief with this court as *amicus curiae* in the instant case, a member of the Bar has protested this filing with the Bar. The question whether, through the officers, a unified bar to which all lawyers must belong may take a position contrary to the views of some of its members must await determination at a time when the issue can be presented to the court in a more appropriate way. It would unduly delay disposition of these criminal cases to undertake briefing and decision of this weighty collateral matter.

The orders of dismissal in these cases are

Reversed.

1. The government had apparently misplaced its file in the case.