UNITED STATES of America,
Plaintiff-Appellee,

v.

John Marion EATON, Defendant-
Appellant.

No. 73-3905.

United States Court of Appeals,
Fifth Circuit.

Sept. 20, 1974.

Lee A. Chagra, El Paso, Tex., for defendant-appellant.

Frank McCown, U. S. Atty., W. E. Smith, Asst. U. S. Atty., Fort Worth, Tex., for plaintiff-appellee.

Before MOORE,* AINSWORTH and RONEY, Circuit Judges.

MOORE, Circuit Judge:

This is an appeal from a judgment of conviction by the United States District Court for the Northern District of Texas, the Honorable William M. Taylor, Jr., Judge, entered after trial to the court. Appellant was convicted of possession with intent to distribute approximately 19.4 pounds of marijuana in violation of Title 21, United States Code, Section 841(a)(1).

An indictment had originally been returned against appellant on October 4, 1972, charging that:

On or about the 24th day of August, 1972, in the Northern District of Texas, John Marion Eaton knowingly and intentionally did possess with intent to distribute *to a Government Agent* about 8,780 grams of marijuana, a Schedule I controlled substance. (Emphasis supplied).

* Hon. Leonard P. Moore, Senior Circuit Judge for the Second Circuit, sitting by designation.

Appellant was tried on this charge before a jury on November 13 and 14, 1972, the Honorable Leo Brewster, United States District Judge, presiding, and was found guilty.

After the government had completed the presentation of its evidence, defendant's attorney moved for a judgment of acquittal on the ground that, as a matter of law, the evidence adduced was insufficient to convict defendant for the crime charged, i. e., that the evidence did not prove that Eaton specifically intended to distribute the marijuana to a government agent. The motion was denied. After the verdict was announced, defendant renewed his motion for acquittal. The motion was again denied but the trial court, at that time, "set aside the verdict . . . [a]nd grant[ed] a new trial" sua sponte. The Judge was moved to take this action by his observation that the original indictment was defective because it specifically alleged that the defendant had intended to distribute a controlled substance "to a Government Agent," an allegation that, taken literally, was nonsensical. The Judge remarked:

> I just cannot imagine a darn fool allegation like they have got in this indictment. It sure would pay if you [the prosecution] would just start thinking a little before drawing these indictments . . . . Frankly, I think that I am going to have to grant a new trial in it because of the way the indictment is drawn. I just do not see how a man could possess marijuana unlawfully with the intent specifically to sell it to a government agent. I do not think the evidence shows he had that intent.

The prosecution took Judge Brewster's observations to heart and handed down a second indictment, charging that:

> On or about the 24th day of August, 1972, in the Northern District of Texas, John Marion Eaton, defendant, knowingly and intentionally did possess with intent to distribute approximately 19.4 pounds of marijuana, a Schedule I controlled substance.

Appellant filed a Motion En Barre to block his second prosecution on the grounds that it violated his Fifth Amendment right to be put in double jeopardy. His motion was denied and a second trial began. Both sides stipulated that the transcript of the first trial could be submitted to the presiding judge of the second, who would try the facts solely on the basis of the evidence adduced at the first trial. Based upon the transcript of the first proceeding, appellant was found guilty of the crime charged in the second indictment.

■ Appellant contends on appeal: that he has been forced to submit to double jeopardy in violation of his constitutional rights; that the second trial and conviction should therefore be nullified; and that since, as a matter of law, the trial judge in the first proceeding found that there was insufficient evidence to warrant conviction of the offense charged, prosecution against the appellant should be dismissed. We find it unnecessary to entertain Eaton's claim of double jeopardy because we find that Judge Brewster lacked the authority to order a new trial when one had not been requested by the defendant.

In many important respects this case is identical to United States v. Vanterpool, 377 F.2d 32 (2d Cir. 1967). In that case the defendant had been tried before a jury on two counts of selling a controlled substance (heroin). During the course of the two day trial, defendant objected to the introduction of prior statements which he had made to government investigators. His objection was based on the authority of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Eight days after the jury returned a verdict of guilty, the trial judge asked counsel for both sides to submit memoranda on the Miranda issue. The judge, after considerable reflection, found that the defendant's prior statements, which had been introduced at trial, should have been sup-

pressed. He therefore set the jury verdict aside and ordered a new trial even though the defendant had never requested this action.

Approximately two months later defendant was retired before a different judge and was found guilty upon the same evidence (with the exception of the now suppressed prior statements) originally introduced against him. Defendant moved for a dismissal of the indictment against him on the ground that he had been subjected to double jeopardy. The trial court denied the motion and sentenced him.

On appeal, Judge Kaufman (now Chief Judge) of the Second Circuit wrote that it was unnecessary to reach the issue of double jeopardy because the original trial judge had lacked the power to order a new trial. He pointed out that Rule 33 of the Federal Rules of Criminal Procedure[1] was amended in 1966 in order to underscore the fact that a trial judge could not order a new trial on his own motion. He refers to the Note of the Advisory Committee on Rules which accompanied the amendment of Rule 33. That Note provides that:

> The amendments to the first two sentences make it clear that a judge has no power to order a new trial on his own motion, that he can act only in response to a motion timely made by a defendant. . . .

The conclusion of the Second Circuit has since adhered to by the United States Court of Appeals for the District of Columbia in United States v. Green, 134 U.S.App.D.C. 278, 414 F.2d 1174 (1969).

Both *Green* and *Vanterpool* point out that the trial court's lack of authority to order a new trial *sua sponte* makes a nullity of the second trial and the conviction emanating therefrom. However, as both decisions specifically hold, this determination does not automatically lead to the conclusion that the *original* conviction ought to be overturned or the original indictment dismissed.

■ Eaton's second indictment and conviction are void in all respects. This can only mean that Eaton's first conviction remains intact. As in *Green* this result "leaves the case in the posture of a jury verdict having been returned with [a] post-verdict motion . . . pending . . . ," *i. e.*, the motion of defendant under Rule 29(c)[2] of the Federal Rules of Criminal Procedure for a judgment of acquittal.

■ The district court must now once again go forward on this motion as he sees fit. If it determines that the variance between the crime charged and the proof adduced at trial was immaterial, *i. e.*, if it did not affect the substantial rights of the accused because it did not impair the defendant's ability to defend himself through failing to identify the nature of the charge, United States v.

---

1. The court on motion of a defendant may grant a new trial to him if required in the interest of justice. If trial was by the court without a jury, the court may vacate the judgment if entered, take additional testimony and direct the entry of a new judgment. A motion for a new trial based on the ground of newly discovered evidence may be made only before or within two years after final judgment, but if an appeal is pending the court may grant the motion only on remand of the case. A motion for a new trial based on any other grounds shall be made within 7 days after verdict or finding of guilty or within such further time as the court may fix during the 7-day period.
   Fed.R.Crim.P. 33

2. If the jury returns a verdict of guilty or is discharged without having returned a verdict, a motion for judgment of acquittal may be made or renewed within 7 days after the jury is discharged or within such further time as the court may fix during the 7-day period. If a verdict of guilty is returned, the court may on such motion set aside the verdict and enter judgment of acquittal. If no verdict is returned the court may enter judgment of acquittal. It shall not be necessary to the making of such a motion that a similar motion has been made prior to the submission of the case to the jury.
   Fed.R.Crim.P. 29(c)

Schrenzel, 462 F.2d 765 (8th Cir.), cert. denied, 409 U.S. 984, 93 S.Ct. 325, 34 L. Ed.2d 248 (1972), the trial court is entitled to ignore the variance and impose sentence pursuant to the jury verdict. United States v. Duran, 411 F.2d 275 (5th Cir. 1969).

On the other hand, if the district court determines on remand that the variance was material, it is obliged to render a verdict of acquittal on the ground that the evidence is insufficient to sustain conviction. United States v. Musquiz, 445 F.2d 963, 966 (5th Cir. 1971). *See also* Virgin Islands v. Aquino, 378 F.2d 540 (3d Cir. 1967); Epstein v. United States, 174 F.2d 754 (6th Cir. 1949).

Reversed and remanded for proceedings consistent with this opinion.