UNITED STATES of America

v.

Samuel WAITE.

Crim. No. 76–42.

United States District Court,
W. D. Pennsylvania.

April 4, 1978.

Blair A. Griffith, U. S. Atty., Pittsburgh, Pa., for plaintiff.

Clyde W. Waite, Bristol, Pa., for defendant.

1. *United States v. Waite*, 547 F.2d 1166 (3rd Cir.), *cert. denied*, 430 U.S. 971, 97 S.Ct. 1657, 52 L.Ed.2d 364 (1977).

2. In denying defendant's appeal, the United States Court of Appeals for the Third Circuit entered the following Judgment Order:
   "After considering the contentions raised by appellant, to-wit, that (1) appellant was denied his constitutionally guaranteed right to a speedy trial, thereby depriving him of due

## OPINION

MARSH, District Judge.

Defendant Samuel T. Waite was convicted on three counts of violating 18 U.S.C. § 2423 by persuading or inducing a 15-year-old girl to travel from Pittsburgh, Pennsylvania, to Las Vegas, Nevada, and to Rochester and Albany, New York, with the intent that she be induced to engage in prostitution. He was sentenced to three years in prison, and the conviction was affirmed on appeal.[1] Through his counsel, defendant now has filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 on the grounds that: (1) the defendant was denied his right to a speedy trial; (2) the prosecutor made improper comments during the government's closing argument; (3) the indictment against the defendant had been dismissed prior to trial; and, (4) certain omissions by defendant's trial counsel denied defendant his right to due process.

■ The first two issues have been raised previously by the defendant on his direct appeal,[2] and therefore defendant is not entitled to relitigate those issues in this proceeding. *Konigsberg v. United States*, 418 F.2d 1270, 1273 (3rd Cir. 1969), *cert. denied*, 398 U.S. 904, 90 S.Ct. 1693, 26 L.Ed.2d 63 (1970); *Henkel v. United States*, 367 F.Supp. 1144, 1145 (W.D.Pa.1973), *affirmed*, 503 F.2d 1398 (3rd Cir. 1974), *cert. denied*, 420 U.S. 978, 95 S.Ct. 1404, 43 L.Ed.2d 659 (1975).

Defendant alleges that the indictment was dismissed during the hearing on defendant's motion to dismiss the indictment for delay in prosecution. At that hearing on April 1, 1976, defendant Waite took the witness stand, testified, and was cross-examined. Following re-direct testimony, the

process of law; (2) the Assistant United States Attorney's closing argument to the jury was so prejudicial that appellant was denied due process and a fair trial; and (3) the evidence was of such an insubstantial nature that it could not sustain a jury verdict of guilt; it is
ADJUDGED AND ORDERED that the judgment of the district court be and is hereby affirmed."

prosecutor made a lengthy statement which the court mistakenly assumed was the government's concluding argument. Defense counsel then offered argument in response. See Transcript of April 1, 1976, at pp. 47–54. The court stated that there appeared to have been unnecessary delay and that the indictment would be dismissed. Immediately thereafter, as court was being recessed, the prosecutor advised the court that the government had not yet presented its witness, and the court promptly announced that the government's testimony would be heard following the noon recess. Although the transcript does not reflect this last exchange, the transcript does indicate that the parties returned to the courtroom following the noon recess for the conclusion of the hearing. After listening to the testimony of FBI Agent Joseph W. Vidovich, the court concluded that the government had shown some necessity for the extended investigation in this matter. See memorandum order filed April 2, 1976.

By withdrawing the oral order and allowing the government to present its witness, the court was neither reopening a final judgment nor permitting relitigation of an issue which had been determined. In these circumstances, the oral ruling by the court had no legal significance. In a similar situation, the United States Court of Appeals for the District of Columbia Circuit held that such an oral ruling did not constitute a judgment of acquittal barring further prosecution. *United States v. Green*, 134 U.S.App.D.C. 278, 279, 414 F.2d 1174, 1175 (1969). See also *United States v. Jerry*, 487 F.2d 600, 604–606 (3rd Cir. 1973).

Defendant Waite argues that he was denied due process by the failure of defense counsel to file a motion for a speedy trial prior to the date set for trial. The record shows that prior to the indictment, defendant's trial attorney filed an unsuccessful motion to dismiss the complaint. Subsequently, defendant was indicted on February 26, 1976, and defendant's trial was set to begin on March 30, 1976. Thereafter, defendant's counsel filed the motion to dismiss the indictment for delay in prosecution, and trial began following the hearing on that motion. Thus, it appears that defendant went to trial within 36 days after his indictment and that defendant suffered no due process deprivation as a result of counsel's failure to file a motion for a speedy trial.

Defendant challenges his attorney's failure to request a bill of particulars to determine the facts to be presented by the government. Although it is undisputed that no such request was filed, "[i]t must be remembered that a defendant is not entitled to a bill of particulars as a matter of right." *United States v. Rubino*, 320 F.Supp. 613, 614 (M.D.Pa.1970). See also *Wyatt v. United States*, 388 F.2d 395, 397 (10th Cir. 1968). Such a request would have been granted only upon a showing that such additional information was necessary for defendant to prepare his defense and to avoid prejudicial surprise at trial. *United States v. Addonizio*, 451 F.2d 49, 63–64 (3rd Cir. 1972). In this particular case, the indictment adequately informed defendant of the name of the young woman involved, the three places to which she had been induced to travel for purposes of prostitution, and the approximate dates of each of the three trips. It appears to the court that no bill of particulars was required.

In any retrospective assessment of defendant's ability to prepare for trial, it should be noted that the criminal complaint which was available to defendant months before the indictment contained numerous details about the Las Vegas trip which became the subject of the second count of the indictment. Furthermore, the record indicates that additional information concerning the government's case, including reports of interviews with government witnesses, was provided to the defense approximately three weeks prior to trial. See Transcript of April 1, 1976, at pp. 40, 43, 52. Counsel's failure to request a bill of particulars did not amount to a lack of normal competency nor did it result in any prejudice to the defendant.

■ Defendant asserts that he was denied due process by his attorney's failure "to obtain an investigator to examine witnesses with whom the Defendant was restrained from contacting." See motion at ¶ 10(i). Defendant has named no particular witness in his motion, but it is assumed that this is a reference to Lisa Dawn Boccardi, the prosecution's main witness. Lisa Boccardi told the FBI (and she later testified at trial) that she had been beaten by the defendant on several occasions including one incident in February, 1975, which resulted in her hospitalization. As a result of this, defendant's release from custody prior to trial was conditioned upon his refraining from contact with Lisa Boccardi. Assuming that no investigator was hired to talk to Miss Boccardi, the court cannot find that counsel's failure to do so amounted to a lack of normal competency or that the defendant was in any manner prejudiced thereby. The materials turned over to the defense three weeks prior to trial included a copy of an extensive six-page statement given to the FBI by Lisa Boccardi. See Transcript of April 1, 1976, at pp. 42, 52. On the basis of the indictment, the criminal complaint, and the statements provided by the government prior to trial, defendant's counsel was well advised as to the nature of the testimony Lisa Boccardi would present at trial.

■ Finally, defendant argues that his counsel should have objected to the introduction into evidence of handwriting exemplars obtained pursuant to orders of court dated May 7, 1975. See Miscellaneous Nos. 6227 and 6228. The record demonstrates that the handwriting exemplars of defendant Waite were never introduced at trial, although the exemplars of co-defendant Candace Fagan were admitted as evidence (Government Exhibit 3). Any objection to the admission of these exemplars on the basis of defendant's Fifth Amendment rights would have been overruled because a handwriting exemplar is an identifying physical characteristic outside the protection of defendant's privilege against self-incrimination. See *Gilbert v. California*, 388 U.S. 263, 266–267, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967). Defendant suffered no deprivation of due process in this regard.

It appearing conclusively from the records and files of this case that defendant is entitled to no relief and that an evidentiary hearing would serve no purpose, defendant's motion to vacate will be denied.

An appropriate order will be entered.