**Jeff MORRIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–82–0424–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Sept. 15, 1983.

Carolyn Garcia and Will Gray, Houston, for appellant.

Timothy Taft, Houston, for appellee.

Before BASS, JACK SMITH and COHEN, JJ.

## OPINION

BASS, Justice.

This is an appeal from a conviction for negligent homicide in which appellant was sentenced to 180 days in jail and fined $500.00.

Two trials were involved in this case. In the first, held on September 16, 1981, in County Criminal Court at Law No. 8, appellant waived a jury trial, and entered a plea of guilty. The court ordered a presentence investigation report, and, upon reviewing it, found appellant guilty. A commitment order, signed December 14, 1981, reflects "the Court, after having heard the Information read and the evidence submitted, finds the defendant guilty as charged and assesses punishment at 20 days in jail and a $500.00 fine, plus $65.00 in court costs." At the appellant's request an order was entered which reset the date for execution of the sentence to January 8, 1982.

However, on the date set for execution of the sentence, the trial judge pronounced that he was *legally obligated* to withdraw the appellant's guilty plea on his own motion because "an issue of fact as to the *innocence* of the defendant to the misde-meanor charge of negligent homicide is fairly raised." Appellant, at all times, persisted in his plea of guilty and asked the court to sentence him to 20 days in jail and a $500.00 fine. The judge nevertheless set aside the earlier proceeding and ordered the case reset for trial. He then transferred the case to County Criminal Court at Law No. 5.

Appellant filed a motion to dismiss based upon a plea of former jeopardy. The motion to dismiss was denied, and the case was tried to the court on appellant's plea of not guilty. The evidence was stipulated and consisted of a presentence investigation report from the first trial, a letter from defense counsel, an accident analysis, the autopsy report, photographs of the scene, and a diagram purporting to show the positions of the vehicles involved in the collision. The prosecutor stipulated that "if the various witnesses present at the scene were here to testify, they would include [occupants of vehicles involved in the accident, investigating officers, ambulance drivers, fireman, and the medical examiner]."

In this second trial, the court found appellant guilty, and assessed punishment of 180 days in jail and a $500.00 fine. It is from this second trial that the instant appeal was taken.

Appellant, in his first ground of error, complains that his conviction violated his right against double jeopardy under the Fifth and Fourteenth Amendments to the Constitution of the United States, and under Article I, § 14, of the Texas Constitution. In his third ground of error, he claims that the Judge of County Criminal Court at Law No. 8 had no authority to order a new trial *sua sponte,* and that, as a consequence, the judgment and sentence rendered by the County Criminal Court at Law No. 5 are nullities.

In *Zaragosa v. State,* 588 S.W.2d 322 (Tex.Cr.App.1979), Judge Onion, after a lengthy review of other states' opinions on the granting of new trials *sua sponte* by the trial courts stated:

While our statutes are not as clear-cut as those in other jurisdictions, we conclude in light of Articles 40.02 and 40.03, supra, that a motion for new trial in a criminal case may be granted only on the timely made motion of a defendant and the trial court has no authority to grant a new trial on his own motion. In the instant case we find the trial court had no power to grant the new trial as it did, even though its concern about straightening the matter out without an appeal was commendable. As in *[United States v.] Eaton* [501 F.2d 77 (5th Cir.1974) ], *[United States v.] Green* [134 U.S.App.D.C. 278, 414 F.2d 1174 (1969) ] and *[United States v.] Vanterpool* [377 F.2d 32 (2nd Cir.1967) ], we conclude that the court's lack of authority to order a new trial *sua sponte* made a nullity of the second trial and conviction, and we find it unnecessary to entertain appellant's claim of double jeopardy. It does not follow that the original conviction ought to be overturned, but the cause shall be returned to the trial court to proceed as if it had not granted the new trial on its own motion.

We are not unmindful of the provisions of Article 40.09, § 12, V.A.C.C.P., as to the authority of the trial court to grant a new trial during the appellate process, but we conclude that such authority is limited by its very provisions of the statute to the time the defendant has been sentenced, gives notice of appeal and files an appellate brief asking in effect for a new trial. The statute does not call for a different result than we have reached.

This court, pursuant to Art. 40.09 § 12 Tex.Code Crim.Pro.Ann. (Vernon Supp. 1982), has ordered a supplemental transcript of the record so as to have available the docket sheet of County Criminal Court at Law No. 8 of Harris County, Texas. This supplemental transcript indicates that on November 20, 1981, the appellant waived his rights and was duly admonished and entered a plea of guilty, and that on December 14, 1981, the court assessed a punishment of confinement of 20 days and a fine of $500.00. All of these matters were testified to in the statement of facts in the proceeding in County Criminal Court at Law No. 5 of Harris County, Texas.

It is clear from the reasoning in *Zaragosa,* that the Judge of County Criminal Court at Law No. 8 had no authority to set aside his prior order, and to transfer the case to County Criminal Court at Law No. 5. Therefore, the second trial and conviction are void.

The original punishment assessed by County Criminal Court at Law No. 8 of confinement for 20 days in the County Jail and a fine of $500.00 is the only judgment and sentence that may be executed in this cause.

The appellant's third ground of error is sustained.

In light of our holding and the reasoning in *Zaragosa,* we do not reach appellant's first ground of error. Furthermore, in light of our disposition of this case, appellant's second ground of error, that the evidence in the second trial was insufficient to support his conviction, is immaterial.

The judgment of the trial court, County Criminal Court at Law No. 5, is reversed. The judgment of County Criminal Court at Law No. 8 of Harris County, Texas, imposing an imprisonment of 20 days in the county jail and a fine of $500.00, is ordered to be executed pursuant to the opinion of this Court.