Carlos A. LYLES, Appellant,

v.

UNITED STATES, Appellee.

No. 03–CM–1401.

District of Columbia Court of Appeals.

Submitted Sept. 14, 2006.
Decided April 12, 2007.

Kyle A. McGonigal, appointed by the court, was on the brief for appellant.

Kenneth L. Wainstein, United States Attorney at the time the brief was filed, and Roy W. McLeese III, Thomas J. Tourish, Jr., Precious Murchison, and Bernard J. Delia, Assistant United States Attorneys, were on the brief for appellee.

Before FARRELL and REID, Associate Judges, and STEADMAN, Senior Judge.

STEADMAN, Senior Judge:

Appellant Carlos Lyles was convicted at a bench trial of simple assault [1] arising from a domestic dispute. Before the trial began, the trial court orally dismissed the charge but then, later that day, rescinded the dismissal and held the trial. In this appeal, Lyles contends that the trial court lacked jurisdiction over his case, absent a refiling of charges, because of the oral dismissal.[2] We review questions of subject matter jurisdiction de novo. *Heard v. Johnson,* 810 A.2d 871, 877 (D.C. 2002). We hold that since the oral dismissal had not yet been entered on the docket, the trial court retained the power to rescind the oral dismissal, absent undue prejudice to the defendant.

## I.

Lyles' case was originally called for trial at 9:30 a.m. on the morning of June 23, 2003. After the complaining witness failed to appear, the trial judge orally granted the defense motion to dismiss without

---

1. D.C.Code § 22–404 (2001).

2. The dismissal in this case does not implicate the constitutional bar to double jeopardy. "The general rule is that 'jeopardy attaches in a nonjury trial when the first witness is sworn and begins testifying....'" *District of Columbia v. Whitley,* 640 A.2d 710, 712 (D.C. 1994) (quoting *Mason v. United States,* 346 A.2d 250, 251 (D.C.1975)).

prejudice for want of prosecution.[3] Approximately one hour later, and prior to the clerk's entry of the oral dismissal on the docket, the witness appeared and the court notified counsel that it was recalling the case. When the parties returned to court that afternoon, the trial court rescinded its order of dismissal and reinstated the charge against Lyles, over defense objection that the dismissal had divested the court of jurisdiction and that Lyles would be prejudiced because his defense witnesses had been discharged and he was subject to continued detention. In response, the trial court agreed to release Lyles to a halfway house pending conclusion of the trial, which began that afternoon, and offered flexibility in rescheduling the proceedings so any desired defense witnesses could be present. Lyles was subsequently found guilty of assault and timely noted this appeal.

## II.

We begin our analysis with, to our knowledge, the only controlling precedent involving the issue before us. In *United States v. Green,* 134 U.S.App.D.C. 278, 414 F.2d 1174 (1969),[4] the trial court orally granted the defendant's post-verdict motion to dismiss because a government informant was not produced for questioning as to the relevance of his information to the defense. The court then immediately withdrew its oral order, after the government objected that it had not been given an opportunity to respond, and sua sponte granted a new trial on the condition that

the witness be produced. The District of Columbia Circuit held that "under these circumstances the oral ruling [of dismissal] has no legal significance and is not a judgment of acquittal barring further prosecution." *Id.* at 279, 414 F.2d at 1175. The court observed: "The oral ruling of a trial judge is not immutable, and is of course subject to further reflection, reconsideration and change." *Id.*[5]

■■■ *Green* thus establishes that the fact that a trial court has orally dismissed a case does not ipso facto end its jurisdiction over the case. In *Green,* the trial court "immediately" withdrew its ruling. The question in our case is how much longer an oral order of dismissal remains subject to rescission. We conclude that the power to rescind continues at least to the point of entry of the order of dismissal on the court docket. Docket entries, while primarily ministerial, serve a vital administrative function in documenting the actions of the court and marking critical dates for appeal and other post-judgment procedures. *See Wise v. United States,* 293 A.2d 869, 871 (D.C.1972) ("[T]he task of precisely accounting for each charge against an individual and the disposition is not a mere clerical formality but is crucial to the official recordkeeping in the criminal process upon which an individual's rights and liberty may depend.").

Marking the finality of oral orders of dismissal at least no sooner than the point of docket entry promotes consistency in the law of this jurisdiction. *See, e.g.,* D.C.App. R. 4(b)(5) (2006) ("A judgment or

---

3. The complaining witness had been served with a subpoena, but the government neither sought enforcement of the subpoena nor notified the court that the witness was under subpoena. The trial judge indicated that had he been informed of these facts, he "probably would have not dismissed the case" but only reassessed Lyles' bond arrangements.

4. District of Columbia Circuit precedent prior to February 1, 1971, is binding on this court. *M.A.P. v. Ryan,* 285 A.2d 310, 312 (D.C.1971).

5. The opinion does not specify whether the oral dismissal was with or without prejudice or discuss the dismissal's effect had it not been withdrawn.

order is deemed to be entered ... when it is entered on the criminal docket by the Clerk of the Superior Court."); D.C.App. R. 4(b)(2) (2006) ("A notice of appeal filed after the announcement of a verdict, decision, sentence, or order—but before the entry of the judgment or order—is treated as filed on the date of and after the entry. If a notice of appeal filed after a verdict is not followed by the entry of a judgment, the appeal is subject to dismissal at any time for lack of jurisdiction."); *see also* Super. Ct. Civ. R. 58 (2006) (providing that a civil judgment is effective only when formally entered on the docket). *See generally* 49 C.J.S. *Judgments* § 113, at 182–83 (1997) ("A judgment is not final, in the sense that it cannot be withdrawn or changed by the court, until it has been entered, and the announcement of a judgment, without its being filed, does not lessen the trial court's jurisdiction to consider other motions or to enter other orders or judgments. On entry, a judgment passes beyond control of the court, except to vacate or modify it in accordance with the usual rules.") (citation footnotes omitted). Under the circumstances of this case, we see no reason to depart from the general practice of deeming an oral order interlocutory at least until it is entered on the docket.[6]

In reaching this conclusion, we are unpersuaded by the cases relied on by Lyles, *District of Columbia v. Eck,* 476 A.2d 687 (D.C.1984), and *United States v. Cummings,* 301 A.2d 229 (D.C.1973). He is correct that an order dismissing an indictment or information without prejudice is generally considered a final order that may be appealed by the prosecutor. *See* D.C.Code § 23–104(c) (2001) ("The United States or the District of Columbia may appeal an order dismissing an indictment or information ... except where there is an acquittal on the merits."); *see also Eck,* 476 A.2d at 689 ("Dismissal of an information without prejudice is ordinarily a final order."); *Cummings,* 301 A.2d at 231 ("[D]ismissal of an indictment without prejudice is an appealable order, *i.e.,* a termination of prosecution under § 23–104."). However, none of the cited authorities addresses the special situation of an oral order of dismissal prior to its entry on the docket, and thus none supports the proposition that such an oral order must be considered final rather than interlocutory.[7]

We are dealing here with an oral order of dismissal without prejudice before jeopardy attached. But it is useful to compare the precedents of this and other courts regarding the withdrawal of oral orders of acquittal, with the potential of double jeop-

---

6. We rule here only that the power of the trial court to rescind an order of dismissal continues "at least" until entry of the order on the docket. That is all that is needed to dispose of this appeal. After formal entry of an order of any type, a trial court's jurisdiction over the matter and power to rescind or amend the order may be governed by application of this jurisdiction's procedural rules and case law. *See generally Clement v. District of Columbia Dep't of Human Servs.,* 629 A.2d 1215 (D.C. 1993).

7. We note further that our decision today is in accord with the decisions of several other jurisdictions that have considered the present

issue. *See, e.g., Arizona v. Johnson,* 113 Ariz. 506, 557 P.2d 1063, 1066 (1976) (en banc) (holding that a trial court "does not lose jurisdiction in a matter by ordering its dismissal before jeopardy has attached, unless there is an abuse of discretion in vacating the order of dismissal and reinstating the case for trial") (quoting *Belcher v. Superior Court,* 105 Ariz. 461, 466 P.2d 755, 757 (1970)); *Gowler v. Oklahoma,* 589 P.2d 682, 688 (Okla.Crim. App.1978) (holding that a trial judge has "unquestionable" authority to withdraw an order of dismissal that has not been fully perfected by filing).

ardy consequences. In *Stewart v. United States*, 439 A.2d 461 (D.C.1981), appellant moved for a judgment of acquittal at the close of the government's case. The government moved to reopen. The trial court first denied the government's motion and orally granted the judgment of acquittal. It then reconsidered its ruling and, over objection, allowed the government to reopen its case. We found no double jeopardy bar, noting, among other things, that "no final judgment of acquittal was entered on any court documents" and "the colloquy between court and counsel occurred outside of the presence of the jury." *Id.* at 464. A number of other cases are to the same effect. *See, e.g., United States v. Washington*, 48 F.3d 73, 79 (2d Cir.1995) (permitting trial judge to reverse oral order of acquittal, made outside the presence of the jury, before entry of judgment and after the opportunity for reconsideration during the lunch adjournment of the trial on the remaining charges) (quoting *United States v. LoRusso*, 695 F.2d 45, 52–53 (2d Cir.1982)); *United States v. Baggett*, 251 F.3d 1087, 1095 (6th Cir.2001) (permitting trial judge to rescind oral order of acquittal, prior to the entry of judgment, that was made outside the jury's presence and after the jury returned its verdict); *United States v. Byrne*, 203 F.3d 671, 674–75 (9th Cir.2000) (permitting trial court to reinstate charges five days after a tentative oral order of acquittal, not entered on the written record, was made outside the jury's presence).[8] If an oral order of acquittal can be rescinded without violating double jeopardy, a fortiori an oral dismissal without prejudice may be rescinded under a similar set of circumstances.

### III.

Although we hold that at least a docket entry is required before an oral order of dismissal may be beyond rescission, situations might arise in which the rescission of an oral order of dismissal prior to entry on the docket could implicate issues of fundamental fairness. Generally, a party prejudiced by a judge's unexpected departure from the terms of a prior order may be entitled to redress. *Lockhart v. Cade*, 728 A.2d 65, 69 (D.C. 1999) (reversing judgment of trial court because a party was prejudiced by having to prove liability as well as damages at a "hearing on damages").

In the present case, however, no appreciable prejudice resulted from the rescission of the oral order of dismissal. Appellant's counsel was notified the same morning as the dismissal that the charges would be reinstated, and he acknowledged to the court that he was prepared to proceed that afternoon when the trial began. The trial court addressed the prejudice identified by appellant's counsel—the continued detention of appellant during the trial delay and the release of appellant's witnesses—by modifying the bond arrangements and trial schedule. "The only prejudice [appellant] suffered [was] psychological; his hopes were first raised, then quickly lowered. But so ephemeral and insubstantial an injury is not proscribed by the Constitution." *Stewart*, 439 A.2d at 464 (quoting *United States v. Baker*, 419 F.2d 83, 89 (2d Cir.1969), *cert. denied*, 397 U.S. 976, 90 S.Ct. 1096, 25 L.Ed.2d 271 (1970)).

Accordingly, we conclude that the trial court's retention of jurisdiction over this

---

8. In *Smith v. Massachusetts*, 543 U.S. 462, 125 S.Ct. 1129, 160 L.Ed.2d 914 (2005), the Court held that a trial court order of acquittal entered on the docket at the end of the government's case that was deemed final under Massachusetts law could not thereafter be "reversed" by the trial court.

matter was not in error. The judgment of conviction is

*Affirmed.*