ACCEPTED
12-14-00163-cr
TWELFTH COURT OF APPEALS
TYLER, TEXAS
1/5/2015 6:18:18 PM
CATHY LUSK
CLERK

ORAL ARGUMENT REQUESTED

NO. 12-14-00163-CR

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
1/5/2015 6:18:18 PM
CATHY S. LUSK
Clerk

IN THE COURT OF APPEALS
12TH JUDICIAL DISTRICT
TYLER, TEXAS

---

KATHIE SPEARS,
APPELLANT

VS.

THE STATE OF TEXAS,
APPELLEE

---

ON APPEAL IN CAUSE NUMBER 007-1236-05
FROM THE 7th JUDICIAL DISTRICT COURT
OF SMITH COUNTY, TEXAS
HONORABLE KERRY RUSSELL, JUDGE PRESIDING

APPELLANT'S BRIEF

JAMES W. HUGGLER, JR.
100 E. FERGUSON, SUITE 805
TYLER, TEXAS 75702
903-593-2400
STATE BAR NUMBER 00795437

ATTORNEY FOR APPELLANT

## IDENTITY OF PARTIES AND COUNSEL

APPELLANT:
   Kathie Spears

APPELLANT'S TRIAL COUNSEL
   Rhett Darby
   PO Box 192
   Athens, Texas 75751

   O.W. Loyd
   1507 Frost
   Gilmer, Texas 75644
   903-843-3469

   John Jarvis (At revocation)
   326 S. Fannin
   Tyler, Texas 75702
   903-592-6576

APPELLANT'S APPELLATE COUNSEL
   Kurt Noell (2007 appeal)
   231 S. College
   Tyler, Texas 75702
   903-597-9069

   James Huggler
   100 E. Ferguson, Suite 805
   Tyler, Texas 75702
   903-593-2400
   903-593-3830 (fax)

APPELLEE
   The State of Texas

APPELLEE'S TRIAL COUNSEL
   M. Brent Ratekin
   Daphne Session
   Jason Parrish
   Steve Comte
   Whitney Tharpe
   Chris Gatewood
   Bryan Jiral
   Smith County Criminal District Attorney's Office
   100 N. Broadway, 4th Floor
   Tyler, Texas 75702
   903-590-1720
   903-590-1719 (fax)

APPELLEE'S APPELLATE COUNSEL
   Michael West
   Smith County Criminal District Attorney's Office
   100 N. Broadway, 4th Floor
   Tyler, Texas 75702
   903-590-1720
   903-590-1719 (fax)

# TABLE OF CONTENTS

PAGE

IDENTITY OF PARTIES AND COUNSEL. . . . . . . . . . . . . . . . . . . . . .  ii

TABLE OF CONTENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  iv

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  vi

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ISSUES PRESENTED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

ISSUE ONE: The trial court erred in sentencing Ms. Spears when the trial court had no jurisdiction over the case because the mandate had not yet issued from the Court of Appeals.

ISSUE TWO: The trial court erred in imposing attorney fees following a finding that Ms. Spears was indigent and was appointed counsel.

ISSUE THREE: The District Clerk erred in including attorney fees following a finding that Ms. Spears was indigent and appointed counsel.

STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3

SUMMARY OF ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

ISSUE ONE, RESTATED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

ISSUE TWO, RESTATED.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

ISSUE THREE, RESTATED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

    A. Law on Attorney Fees. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

    B. Standard of Review. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

    C. Application to These Facts. . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

    D. Remedy and Relief Requested.. . . . . . . . . . . . . . . . . . . . . . . . 15

PRAYER. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

CERTIFICATE OF SERVICE.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

CERTIFICATE OF COMPLIANCE. . . . . . . . . . . . . . . . . . . . . . . . . . . 17

# TABLE OF AUTHORITIES

STATUTES

TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West 2013). . . . . . . . . . . . . . . 9

TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West 2013). . . . . . . . . . . . . . 9

TEX. CODE CRIM. PROC. ANN. art. 103.001 (West 2013). . . . . . . . . . . . . 10

TEX. GOV'T CODE ANN. §§ 102.001-.142 (West 2013). . . . . . . . . . . . . . 10

TEX. GOV'T CODE ANN. § 102.021 (West 2013). . . . . . . . . . . . . . . . . . . 10

TEX. GOV'T CODE ANN. § 103.006 (West 2013). . . . . . . . . . . . . . . . . . . . 11

TEX. PENAL CODE ANN. §31.03(a) and (e)(4)(A) (West 2001). . . . . . . . . . 3

TEX. PENAL CODE ANN. § 33.09 (West 2001). . . . . . . . . . . . . . . . . . . . . 1, 3


CASES

Arbuckle v. State, 105 S.W.2d 219 (Tex. Crim. App. 1937). . . . . . . . . . . 7

Armstrong v. State, 340 S.W.3d 759 (Tex. Crim. App. 2011). . . . . 10, 11

Carter v. State, 510 S.W.2d 323 (Tex. Crim. App. 1974). . . . . . . . . . . . . 7

Coats v. State, 788 S.W.2d 674 (Tex. App. – Corpus Christi
    1990, no pet). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Deifik v. State, 58 S.W.3d 794 (Tex. App. – Fort Worth 2001). . . . . . . . 8

Gollihar v. State, 46 S.W.3d 243 (Tex. Crim. App. 2001). . . . . . . . . . . 7

Heartfield v. Thaler, 403 S.W.3d 234 (Tex. Crim. App. 2013). . . . . . . . 7

Howell v. State, 175 S.W.3d 786, 792 (Tex. Crim. App. 2005). . . . . . . . 12

Jackson v. Virginia, 443 U.S. 307, 99 S. Ct. 2781,
    61 L. Ed. 2d 560 (1979). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Johnson v. State, 423 S.W.3d 385, 390 (Tex. Crim. App. 2014). . . . . . 11

Johnson v. State, 405 S.W.3d 350, 354 (Tex. App. – Tyler
    2013, no pet). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 12

Mayer v. State, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010). . . . . 10, 12

Montgomery v. State, 810 S.W.2d 372, 380 (Tex. Crim. App. 1991). . . 12

Morris v. State, 658 S.W.2d 310 (Tex. App. – Houston [1ˢᵗ Dist.]

    1983, no pet.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Nix v. State, 65 S.W.3d 664 (Tex. Crim. App. 2001). . . . . . . . . . . . . . . 8

Owen v. State, 352 S.W.3d 542, 5148 (Tex. App. – Amarillo

    2011, no pet). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11

Spears v. State, No. 12-07-00168-CR, 2008 Tex. App. LEXIS 98

    (Tex. App. – Tyler 2008, no pet.). . . . . . . . . . . . . . . . . . . . . . . 2, 3, 6

Weir v. State, 278 S.W.3d 364, 367 (Tex. Crim. App. 2009). . . . . . . . . 10

Whetstone v. State, 786 S.W.2d 361 (Tex. Crim. App. 1990). . . . . . . . . 7

Williams v. State, 332 S.W.3d 694, 699 (Tex. App. – Amarillo

    2011, pet. denied). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12

RULES

TEX. R. APP. PROC. 9.4. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

TEX. R. APP. PROC. 38. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

NO. 12-14-00163-CR

| | | |
|---|---|---|
| KATHIE SPEARS | § | IN THE COURT OF APPEALS |
| APPELLANT | § | |
| | § | |
| VS. | § | 12TH JUDICIAL DISTRICT |
| | § | |
| THE STATE OF TEXAS, | § | |
| APPELLEE | § | TYLER, TEXAS |

APPELLANT'S BRIEF


TO THE HONORABLE COURT OF APPEALS AND THE JUSTICES THEREOF:


Comes now Kathie Spears, ("Appellant"), by and through his attorney of record, James Huggler, and pursuant to the provisions of TEX. R. APP. PROC. 38, et seq., respectfully submits this brief on appeal.


STATEMENT OF THE CASE


Appellant was indicted in Cause Number 007-1236-05 for the state jail felony offense of theft. I CR 1[1]; see TEX. PENAL CODE ANN. §33.09

---

[1] References to the Clerk's Record are designated "CR" with a roman numeral preceding "CR" indicating the correct volume and an arabic numeral following "CR" specifying the correct

1

(West 2001). Following a bench trial, the case was appealed to this court and affirmed. I CR 88-90, 99. <u>Spears v. State</u>, No. 12-07-00168-CR, 2008 Tex. App. LEXIS 98 (Tex. App. – Tyler, 2008 no pet.). The State filed a motion to revoke her probation, Ms. Spears entered true pleas to some allegations, and not true to others. I CR 134-137, 144; I RR 13[2]. The trial court only found the allegations to which Ms. Spears plead too to be true. I RR 46. The court imposed a two year sentence with the outstanding $9,173 in restitution and outstanding court costs. I RR 46.

Notice of appeal was timely filed in on June 23, 2014. I CR 157. This Brief is timely filed on or before January 5, 2015 following proper extension granted by this Court.

---

page in the record.

[2] References to the Reporter's Record are designated "RR" with a roman numeral preceding "RR" indicating the correct volume, and an arabic numeral following "RR" specifying the correct page.

ISSUES PRESENTED

ISSUE ONE: THE TRIAL COURT ERRED IN SENTENCING MS. SPEARS WHEN THE TRIAL COURT HAD NO JURISDICTION OVER THE CASE BECAUSE THE MANDATE HAD NOT YET ISSUED FROM THE COURT OF APPEALS.

ISSUE TWO: THE TRIAL COURT ERRED IN IMPOSING ATTORNEY FEES FOLLOWING A FINDING THAT MS. SPEARS WAS INDIGENT AND WAS APPOINTED COUNSEL.

ISSUE THREE: THE DISTRICT CLERK ERRED IN INCLUDING ATTORNEY FEES IN THE BILL OF COSTS FOLLOWING A FINDING THAT MS. SPEARS WAS INDIGENT AND WAS APPOINTED COUNSEL.

STATEMENT OF THE FACTS

Kathie Spears was indicted for the state jail felony offense of theft. I CR 1. TEX. PENAL CODE ANN. §§31.03(a) and (e)(4)(A) and 31.09(West 2001). Following a bench trial, the case was appealed to this court and the judgment was affirmed. CR 88-90; Spears v. State, No. 12-07-00168-CR, 2008 Tex. App. LEXIS 98 (Tex. App. – Tyler, 2008, no pet.). On both April 2, 2007 and March 5, 2008, Ms. Spears was sentenced to two years probated for five years and ordered payment of $15,373 in restitution. I CR 71-72, 93-94. The court imposed a variety of conditions of supervision.

3

I CR 73-76, 95-98.

The State filed two different motions to revoke the probation. I CR123-128, 134-137. The first motion was dismissed and the probation was modified. I CR 132, 131. The second motion to revoke included the following allegations: (1) that Ms. Spears was placed on probation; (2) that she failed to pay the supervision fee to probation; (3) that she failed to send in mail-in reports for three months; (4) she failed to obtain a GED and failed to provide proof of obtaining a GED to probation; (5) she failed to pay an outstanding balance of restitution of $11,330.00 to the probation department; and (6) that she was delinquent in paying court costs included fees for appointed counsel. I CR 134-137.

Ms. Spears entered a plea of true to identity, the paragraphs regarding the mail-in reports and the GED. I CR 144; I RR 13. The trial court only found that she violated her probation on the two paragraphs to which she entered pleas of true. I RR 46. Following evidence and the argument of counsel, the court revoked Ms. Spears' probation and sentenced her to two years confinement. I CR 146-147; I RR 46. Further discussion of relevant facts is included below. Timely notice of appeal was

filed. I CR 157. This appeal follows.

## SUMMARY OF ARGUMENT

The first issue for the court to consider is whether the trial court even had jurisdiction top place Ms. Spears on probation. Following a bench trial, the trial court found Ms. Spears guilty and placed her on probation. This Court affirmed the judgment. The trial court formally re-sentenced Ms. Spears on March 5, 2008. I CR 93-94. However, the mandate in the case was not issued until March 7, 2008. Until the mandate was issued, the trial court had no jurisdiction to take any action, and any action taken on orders entered prior to the issuance of the mandate were void.

The error for this Court to consider in Issues Two and Three involves the improper assessment of court costs. The trial court improperly ordered reimbursement of attorney fees after Mr. Spears was found to be indigent and was appointed counsel. The attorney fees were not included in the judgment placing her on probation, but were assessed and partially collected. While the final judgment from the trial court does not include

5

the fee, the bill of costs prepared by the clerk's office does contain the improper assessment of fees and will be the record used by the Smith County collections department following his release from custody.

## ARGUMENT

ISSUE ONE, RESTATED: THE TRIAL COURT ERRED IN SENTENCING MS. SPEARS WHEN THE TRIAL COURT HAD NO JURISDICTION OVER THE CASE BECAUSE THE MANDATE HAD NOT YET ISSUED FROM THE COURT OF APPEALS.

On April 2, 2007, the trial court entered a judgment against Ms. Spears assessing her sentence at two years in a state jail probated for a term of five years.  I CR 71-72.  That judgment was appealed to the Twelfth Court of Appeals.  On January 9, 2008, the Court issued an opinion and judgment affirming the judgment of the trial court.  I CR 88-90.  Spears v. State, No. 12-07-00168-CR, 2008 Tex. App. LEXIS 98, (Tex. App. – Tyler 2008, no pet.).  The trial court held a hearing on March 5, 2008 sentencing Ms. Spears again to two years probated for a term of five years.  I CR 93-94.  That same date the trial court also entered the terms and conditions of probation which were later the subject of the revocation

6

proceedings in 2014.  I CR 95-98.  However, this Court did not issue the Mandate in the case until March 27, 2008.  I CR 101.

Until the mandate from the court of appeals issues, the case is still on appeal.  Heartfield v. Thaler, 403 S.W.3d 234 (Tex. Crim. App. 2013).  A judgment of conviction cannot be used for enhancement purposes until the conviction has been affirmed.  Arbuckle v. State, 105 S.W. 2d 219 (Tex. Crim. App. 1937); Carter v. State, 510 S.W.2d 323 (Tex. Crim. App. 1974).  See also Coats v. State, 788 S.W.2d 674, 676 (Tex. App. – Corpus Christi 1990, no pet.).

Ordinarily, the validity of a conviction, from which no appeal was taken, is not reviewable in the appeal of a subsequent revocation order.  Whetstone v. State, 786 S.W.2d 361, 363 (Tex. Crim. App. 1990), overruled on other grounds by Gollihar v. State, 46 S.W.3d 243, 249-50, 256-57 (Tex. Crim. App. 2001).  An exception lies for a void judgment which recognizes there are some rare situations in which a trial court's judgment is accorded no respect due to a complete lack of power to render the judgment in question.  A void judgment is a "nullity" and can be attacked at any time.  If the original judgment imposing probation was void, then the trial court would have no authority to revoke probations, since, with

7

no judgment imposing probation (because it is a nullity), there is nothing to revoke. <u>Nix v. State</u>, 65 S.W.3d 664, 667-68 (Tex. Crim. App. 2001).

While this situation was not specifically included in the nearly exclusive list in <u>Nix</u>, the trial court lacked jurisdiction over the case to enter a judgment prior to the mandate being issued. The trial court was without power to enter the order placing Ms. Spears on probation until after the mandate was issued by the Court of Appeals. Any order entered between the first notice of appeal and the mandate is void because the trial court had no jurisdiction. <u>Deifik v. State</u>, 58 S.W.3d 794 (Tex. App. - Fort Worth 2001). The proper remedy is to return the parties to the position prior to the void order. <u>Morris v. State</u>, 658 S.W.2d 310, 311-12 (Tex. App. – Houston [1st Dist.] 1983, no pet.).

If this Court agrees, the proper remedy is to reverse the judgment of the trial court placing Ms. Spears on probation and remand to the trial court placing the parties in the same position they occupied following this Court's first opinion.

SSUE TWO, RESTATED: THE TRIAL COURT ERRED IN IMPOSING ATTORNEY FEES FOLLOWING A FINDING THAT MS. SPEARS WAS INDIGENT AND WAS APPOINTED COUNSEL.

ISSUE THREE RESTATED: THE DISTRICT CLERK ERRED IN INCLUDING ATTORNEY FEES FOLLOWING A FINDING THAT MS. SPEARS WAS INDIGENT AND WAS APPOINTED COUNSEL

A. Law on Attorney's Fees

A trial court has the authority to assess attorney's fees against a criminal defendant who received court-appointed counsel. TEX. CODE CRIM. PROC. ANN. art. 26.05(g)(West 2013). Once a defendant has been determined to be indigent, she is presumed to remain indigent for the remainder of the proceedings unless a material change in her financial circumstances occurs. TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West 2013). Before attorney's fees may be imposed, the trial court must make a determination supported by some factual basis in the record that the defendant has financial resources to enable him to offset in whole or in part the costs of the legal services provided. Johnson v. State, 405 S.W.3d 350, 354 (Tex. App. – Tyler 2013, no pet). If the record does not show any material change in the defendant's financial circumstances, the evidence will be insufficient to support the imposition of attorney's fees. TEX. CODE

9

CRIM. PROC. ANN. art. 26.04(p); Mayer v. State, 309 S.W.3d 552, 553, 557 (Tex. Crim. App. 2013).

Court costs are pre-determined, legislatively-mandated obligations resulting from a conviction. See, e.g., TEX. GOV'T CODE ANN. §§ 102.001-.142 (West 2013) (setting forth various court costs that a convicted person "shall" pay). A sentencing court shall impose the statutory court costs at the time a defendant is sentenced. Armstrong v. State, 340 S.W.3d 759 (Tex. Crim. App. 2011); TEX. GOV'T CODE ANN. §102.021 (West 2013). Court costs are not punitive in nature and do not have to be included in an oral pronouncement of a sentence. Weir v. State, 278 S.W.3d 364, 367 (Tex. Crim. App. 2009).

A cost is not payable by the person charged with the cost until a written bill is produced or is ready to be produced, containing the items of cost, signed by the officer who charged the cost or the officer who is entitled to receive payment of the cost. TEX. CODE CRIM. PROC. ANN. art. 103.001 (West 2013). The clerk of the trial court is required to keep a fee record, and a statement of an item therein is prima facie evidence of the correctness of the statement. Owen v. State, 352 S.W.3d 542, 548 (Tex. App.—Amarillo 2011, no pet.) (citing TEX.CODE CRIM. PROC. ANN. art.

103.009(a), (c)).  Until a certified bill of costs has been made part of the record, a defendant has no obligation to pay court costs.  Owen, 352 S.W.3d at 547 (citing Armstrong, 340 S.W.3d at 765; Williams v. State, 332 S.W.3d 694, 699 (Tex. App. – Amarillo 2011, pet. denied).

If a criminal action is appealed, "an officer of the court shall certify and sign a bill of costs stating the costs that have accrued and send the bill of costs to the court to which the action or proceeding is transferred or appealed." TEX. CODE CRIM. PROC. ANN. art. 103.006 (West 2013).

## B. Standard of Review

The imposition of court costs upon a criminal defendant is a "nonpunitive recoupment of the costs of judicial resources expended in connection with the trial of the case." Johnson v. State, 423 S.W.3d 385, 390 (Tex. Crim. App. 2014). When the imposition of court costs is challenged on appeal, the court reviews the assessment of costs to determine if there is a basis for the cost, not to determine if there is sufficient evidence offered at trial to prove each cost.  Id.

The standard for reviewing a legal sufficiency challenge is whether

11

any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. See <u>Jackson v. Virginia</u>, 443 U.S. at 315-16, 99 S. Ct. at 2786-787; see also <u>Mayer v. State</u>, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010)(sufficiency review of evidence to support order of repayment of attorney fees as costs).

A challenge to a withdrawal of funds notification is reviewed for an abuse of discretion. <u>Williams</u>, 332 S.W.3d at 698. A trial court abuses its discretion when it acts "without reference to any guiding rules and principles. <u>Howell v. State</u>, 175 S.W.3d 786, 792 (Tex. Crim. App. 2005); <u>Montgomery v. State</u>, 810 S.W.2d 372, 380 (Tex. Crim. App. 1991). The reviewing court may modify a withdrawal order on direct appeal if the evidence is insufficient to support the assessment of court costs. <u>Johnson v. State</u>, 405 S.W.3d at 355.

C. Application to These Facts

Ms. Spears has been represented at all times following the initial trial of the case by appointed counsel. The record contains two different orders appointing counsel. I CR . Following a pauper's oath application,

Ms. Spears was appointed counsel for purposes of the first appeal. I CR 81-83. Another attorney was appointed for the first motion to revoke. I CR 118. A third attorney was appointed for the second motion to revoke. I CR 139. Finally, appellate counsel was appointed for this appeal. I CR 158. A motion was filed with the trial court seeking a free reporter's record on appeal. I CR 161-163. This motion was granted by the trial court without opposition from the State of Texas. I CR 164.

The application to proceed to final adjudication included an allegation that Ms. Spears failed to pay court cost (sic), including any appointed counsel fees. I CR 137, ¶ 6. The trial court ordered Ms. Spears to pay any unpaid taxable court costs. I RR 46.

The March 5, 2008 order placing Ms. Spears on probation included $263.00 in court costs. I CR 93. This amount matches the judgement issued April 2, 2007. I CR 71. However, the bill of costs prepared by the District Clerk's Office on June 20, 2014 does not match either of those amounts. I CR 151-152. The final judgment signed June 18, 2014 reflects a zero balance for court costs, even though the bill of costs reflects a balance of $200. I CR 146-151.

The majority of the items listed on the bill of costs appear to be properly assessed costs. I CR 151. The properly assessed costs equal $263.00 in court costs. However, a $300 fee was assessed for receiving appointed counsel and a $350 "Refund" was assessed and added against Ms. Spears totaling $913.00 in court costs. I CR 151.

There is no evidence to contest the finding that Ms. Spears was found indigent. Assessment of attorney's fees following a finding of indigence is improper. While the final judgment does not include the attorney's fee, the bill of costs does, and court costs, including attorney fees were improperly collected by the probation department impacting, among other things the restitution owed. Why the bill of costs contains the fee after the judgment was prepared and signed is not known.

Probation collected at least $100 of the attorney fees and applied that amount to the court costs, instead of restitution. I RR 18. From the bill of costs, it also appears that probation collected $350 which was then forwarded to the Clerk's Office for payment of the "Refund". I CR 151.

## D. Remedy and Relief Requested

The fee seeking reimbursement for the appointed attorney was improperly assessed by the court and the clerk's office. The judgment and the bill of costs should be modified to reflect the amount of proper taxable court costs due, and the probation department or clerk's office should be ordered to apply the improperly collected monies to restitution in this case.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Counsel respectfully prays that this Court reverse the judgment of the trial court or in the alternative modify the judgment of the trial court and the bill of costs to eliminate the court costs not supported by the record.

Respectfully submitted,

/s/ James Huggler
James W. Huggler, Jr.
State Bar Number 00795437
100 E. Ferguson, Suite 805
Tyler, Texas 75702
903-593-2400
903-593-3830 fax
ATTORNEY FOR APPELLANT

16

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing Brief of the Appellant has been forwarded to counsel for the State by electronic filing on this the 5th day of January, 2015.


 /s/ James Huggler

James W. Huggler, Jr.



Attorney for the State:

Mr. Michael West

Smith County Criminal District Attorney's Office

100 N. Broadway, 4th Floor

Tyler, Texas 75702



## CERTIFICATE OF COMPLIANCE

I certify that this Brief complies with Tex. R. App. P. 9.4, specifically using 14 point Century font and contains 3,638 words as counted by Corel WordPerfect version x5.


 /s/ James Huggler

James Huggler